UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAJI PATEL,<br><br>  *Plaintiff,*<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JEFFREY HOFFMAN,<br><br>  *Defendants.* | Case No. 1:23-cv-11500-RGS |

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

**Definitions**

1. "Confidential Information" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery), which (a) is not in the public domain (meaning that it is not generally known or reasonably ascertainable by means other than discovery in this action, and has not been placed into the public domain by either Party); (b) is provided by a Party or Third Party in the course of discovery and/or pleading(s) in this action; (c) contains commercially sensitive information (including, but not limited to, information that constitutes or contains proprietary, financial, technical, or commercially sensitive competitive information that the Producing Party maintains as Confidential in its business) or personally sensitive information of any student or employee contained in personnel records or otherwise (including, but not limited to, social security numbers, financial account numbers, credit card numbers, personal phone numbers, personal email addresses, home addresses, driver's license or state identification numbers, dates

1

of birth, passwords, or the names of minor children); and (d) a Party has designated as Confidential Information in accordance with the terms of this Protective Order.

2. "Discovery Material" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery) that is produced or generated in disclosures or responses to discovery in this matter, and/or appended to pleadings in this matter (whether or not produced).

3. "Designating Party" means the Party that designates the Discovery Material as Confidential Information pursuant to this Protective Order.

4. "Party" means any party to this action, including all of its retained experts and counsel (and their support staff).

5. "Privileged Information" means information that is protected by the attorney-client privilege and/or work-product doctrine.

6. "Producing Party" means the Party or Third Party that produces Discovery Material in this action.

7. "Receiving Party" means the Party that receives Discovery Material from a Producing Party.

8. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**Designation of Confidential Information**

9. A Producing Party may designate as Confidential Information only Discovery Material that the Producing Party or Third Party providing the Discovery Material (a) has a good faith interest in preserving as confidential, or (b) has a legal responsibility to another person or entity to preserve the private, confidential, or proprietary nature of the Discovery Material. For the avoidance of doubt, a Receiving Party shall have the right to designate as Confidential

Information any Discovery Material produced by the Producing Party only pursuant to the process provided in Paragraph 14 (or as provided in Paragraph 11).

10. A Party shall designate any Discovery Material as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated as Confidential prior to or at the time of the production or disclosure of the documents. The designation as Confidential does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

11. Any Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential Information by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and/or on the videotape what portions of the testimony (or deposition exhibits) were so designated, or by so advising all other Parties of the pages designated as Confidential Information within fifteen (15) business days after receipt of the transcript by both Parties. Until fifteen (15) business days have passed after the receipt of any transcript by both Parties, the entire transcript and videotape shall be deemed to contain Confidential Information.

12. Any Party may designate Discovery Material documents produced by third parties pursuant to subpoenas as Confidential Information. Counsel for the subpoenaing party must promptly disclose the subpoenaed documents to all other counsel of record, who have fifteen (15) business days from the date of receipt of the documents to designate any of the documents as Confidential Information. Until fifteen (15) business days have passed after receipt of the documents by both Parties, the documents shall be deemed to contain Confidential Information.

13. Inadvertent failure to designate Discovery Material as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the Designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be subject to this Protective Order as if they had been initially so designated.

### Challenges to Designation as Confidential Information

14. Any designation or non-designation of Discovery Material as Confidential Information is subject to challenge by either the Plaintiff or the Defendant, through counsel. If a designation or non-designation of Discovery Material as Confidential Information, or the limitations on access to be accorded such Discovery Material under this Protective Order, are disputed, the contesting party shall provide to the Producing Party and all other Parties written notice of its disagreement and shall specifically identify the Discovery Material in dispute. If, despite a good faith effort, the dispute cannot be resolved informally by the Parties, the Party contesting the designation, non-designation, or restriction on access may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Massachusetts. The Party asserting the designation of information as Confidential Information shall bear the burden of demonstrating that the Discovery Material is entitled to such designation. Pending the Court's ruling, from the date that the contesting Party provides its written notice of disagreement, both Parties shall continue to treat the Discovery Material in the manner required by this Protective Order. Failure to seek relief from the Court within thirty (30) days of a notice of disagreement described in this paragraph waives any such disagreement.

**Restrictions on Use and Further Disclosure of Information**

15. All Discovery Material produced in this action, whether or not designated as Confidential Information, shall be used by the Party receiving such Discovery Material solely in connection with the prosecution or defense of this litigation and for no other purpose.

16. Except with the prior consent of the Designating Party or upon prior order of the Court, Discovery Material designated as Confidential Information shall not be disclosed by any Party to any person other than the following:

   (a) the Parties and their officers, administrators, and trustees, solely for the purpose of prosecuting, defending, appealing, or settling the action;

   (b) counsel for the Parties, including in-house counsel, and the secretaries, legal assistants, or other support personnel who are employees of the Parties' counsel to the extent reasonably necessary to assist the Parties' counsel in this litigation;

   (c) experts, consultants, and litigation support vendors not employed by any Party, but who are expressly retained in connection with this litigation to assist counsel of record for the Parties and the employees of such persons;

   (d) the Court, Court personnel, and jurors;

   (e) court reporters and videographers who are retained to transcribe or videotape testimony in this action;

   (f) any deponent in this action, and (if applicable) their legal counsel;

   (g) actual or potential witnesses in this action, and (if applicable) their legal counsel;

   (h) the Parties' insurers and (if applicable) their legal counsel; and

   (i)  mediators or other persons engaged in alternative dispute resolution, and individuals working with or for them, who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information.

  17. Any persons entitled to receive Confidential Information that are identified in Paragraphs 16(c), 16(g) and 16(i) shall, prior to receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached as Exhibit A, indicating that they have read this Protective Order and will abide by its terms.  The signed Acknowledgement and Agreement shall be retained by counsel disclosing the Confidential Information.

  18. If Discovery Material designated as Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to bind the person in the manner described in Paragraph 17 or to retrieve such information and to prevent further disclosure by them or by the person who received such information.

  19. Discovery Material designated Confidential Information may not be filed on the Court's public docket unless (a) the filing Party has filed a motion to impound pursuant to Local Rule 7.2 and/or a motion to seal pursuant to Local Rule 83.6.11, and the Court has denied that motion, (b) the Parties agree in writing (email being sufficient) to waive the designation of the Discovery Material as Confidential Information, (c) the Parties agree to redactions of references to the Confidential Information, or (d) the designation of the Discovery Material as Confidential Information has been removed by the Court pursuant to Paragraph 14 above.  If Confidential

Information is to be filed pursuant to section (a) of this paragraph, the Parties shall confer prior to filing in order to attempt in good faith to reach agreement on appropriate redactions to be implemented prior to filing a redacted version of the Discovery Material to accompany the motion to impound or seal.  If the Parties cannot agree to such redactions, the Parties shall request that the Court review the dispute and evaluate the relevant documents in camera prior to any filing of Confidential Information.

## Miscellaneous

20.     All provisions of the Protective Order restricting the use of Discovery Material shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing.  Any and all originals and copies of Confidential Information designated by the Parties shall, at the request of the Designating Party, be returned to the Designating Party or destroyed at the Designating Party's expense, within one month after a stipulation of dismissal or final judgment has been entered in this action and the time for appeals has expired, except that counsel for each Party may maintain in their files copies of each pleading and litigation document filed with the Court, each written discovery request and written response thereto, and each deposition transcript.  Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information.  The Parties shall not be required to locate and destroy emails (including attachments to emails) transmitted in connection with this litigation that may include Confidential Information, or Confidential Information contained in any draft or final deposition or trial transcript (including exhibits) or any draft or final expert or consultant report (including exhibits).

21. Neither this Protective Order nor any Party's designation of Discovery Material as Confidential Information shall affect the admissibility into evidence of the information so designated.

22. Nothing in this Protective Order constitutes an agreement regarding the scope of discovery.

23. If a Party determines that Discovery Material that is subject to a claim of privilege or immunity, or otherwise protected from disclosure, was inadvertently produced, the Party shall inform counsel for each other Party of the inadvertent production in writing, and counsel for each Party shall take reasonable steps to ensure that all known copies of any such Discovery Material are promptly destroyed or returned to the disclosing Party. Inadvertent production of privileged or otherwise protected Discovery Material will not be deemed to have waived any privilege. Return of such Discovery Material pursuant to this paragraph does not prejudice the returning Party's ability to seek redress from the Court and/or a motion concerning disagreement with the designation or non-designation of such material as privileged or as Confidential Information pursuant to Paragraph 14, above.

24. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

THE ABOVE TERMS AND CONDITIONS ARE HEREBY STIPULATED AND AGREED TO by the respective undersigned counsel for the Parties in the above-captioned action.

Dated: November 14, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ Timothy J. Perry* | */s/ Victoria L. Steinberg* |
| Timothy J. Perry, BBO# 631397 | Victoria L. Steinberg, BBO #666482 |
| tperry@pkcounsel.com | Rebecca M. O'Brien, BBO #693592 |
| PERRY KRUMSIEK LLP | CLOHERTY & STEINBERG LLP |
| One Boston Place, Suite 2600 | 33 Arch Street, Suite 3150 |
| Boston, MA 02108 | Boston, MA  02110 |
| tel: (617) 720-4300 | Telephone:    (617) 481-0160 |
| fax: (617)720-4310 | vsteinberg@clohertysteinberg.com |
| | robrien@clohertysteinberg.com |
| *Attorney for Plaintiff Raji Patel* | Facsimile:    (617) 624-4814 |
| | |
| | *Attorneys for Defendants,* |
| | *Massachusetts Institute of Technology and* |
| | *Jeffrey Hoffman* |

SO ORDERED:


/s/ Richard G. Stearns, D.J.
Hon. Richard G. Stearns

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAJI PATEL,<br><br>   *Plaintiff,*<br><br>v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY and JEFFREY HOFFMAN,<br><br>   *Defendants.* | Case No. 1:23-cv-11500-RGS |

## ACKNOWLEDGEMENT AND AGREEMENT

I hereby certify that I have read the Confidentiality Stipulation and Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL INFORMATION" in accordance with the Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

_____
Signature

_____
Printed name

_____
Date