UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAJI PATEL,<br><br>   Plaintiff,<br><br>   v.<br><br>MASSACHUSETTS INSTITUTE OF TECHNOLOGY AND JEFFREY HOFFMAN,<br><br>   Defendants. | Civil Action No. 1:23-cv-11500-RGS |

**DEFENDANTS' MOTION FOR SANCTIONS AND RELATED RELIEF**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants Massachusetts Institute of Technology ("MIT" or "the Institute") and Jeffrey Hoffman hereby respectfully request that this Court issue sanctions and related relief against Plaintiff Raji Patel in connection with her admitted forgery of a document in the course of discovery, her production of that forged document as if it were an authentic email, and her false statements – under oath – about the provenance of the supposed email.

Plaintiff, a former MIT employee, brought the above-captioned case against the Institute and Mr. Hoffman, her supervisor. She has raised claims of unequal pay, discrimination, and retaliation (among others).

Defendants will demonstrate in their forthcoming summary judgment motion that all of Ms. Patel's claims are meritless and should be dismissed. In the meantime, however, Defendants have become aware of discovery misconduct about which they believe they are obligated to make the Court aware. Specifically, Ms. Patel appears to have manufactured a document that contains the only documentary evidence in support of certain of her claims (the "September 20th

1

Email"), produced it as if it were a communication that had occurred during her employment, admitted under oath that it was forged, and then withdrew her admission, also under oath. She, and then her counsel, have subsequently attempted to explain the origins of the September 20th Email in a variety of inconsistent ways.

The Defendants do not take the filing of this Motion for Sanctions lightly. However, the fabrication of evidence is a serious issue and Ms. Patel's discovery misconduct should not be permitted to occur without consequence. The creation and production of the forged email has caused Defendants to have to investigate and defend against the fabricated statement in the September 20th Email, investigate the forgery, and seek recourse from this Court. More importantly, the Plaintiff's conduct is inconsistent with the parties' obligations to act with utmost honesty in their dealings with one another and the Court.

For all of these reasons, and those set forth in the accompanying Memorandum of Law in Support of Defendants' Motion for Sanctions and Related Relief, Massachusetts Institute of Technology and Mr. Hoffman respectfully request that the Court issue an Order sanctioning Ms. Patel and providing the relief set forth in the Memorandum.

Respectfully submitted,

**MASSACHUSETTS INSTITUTE OF TECHNOLOGY** and **JEFFREY HOFFMAN,**

By their attorneys,

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg, BBO #666482
Rebecca M. O'Brien, BBO #693592
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA  02111
Telephone:     (617) 481-0160
vsteinberg@clohertysteinberg.com
robrien@clohertysteinberg.com

*Attorneys for Defendants
Massachusetts Institute of Technology and
Jeffrey Hoffman*

Dated: June 24, 2024

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), I met and conferred with counsel for Plaintiff on June 21, 2024 and the parties were unable to narrow or resolve the issues raised therein.
.

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg

## CERTIFICATE OF SERVICE

I, Victoria Steinberg, hereby certify that a copy of the foregoing was sent via the Court's electronic filing system and served to all counsel of record on June 24, 2024.

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg